IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DONALD EUGENE JONES, :
:
    Petitioner, :
:
vs. : CIVIL ACTION 14-0145-CG-M
:
CHERYL PRICE, :
:
    Respondent. :

REPORT AND RECOMMENDATION

    This is an action under 28 U.S.C. § 2254 by an Alabama inmate that was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that this habeas petition be dismissed as time barred and that judgment be entered in favor of Respondent Cheryl Price and against Petitioner Donald Eugene Jones pursuant to 28 U.S.C. § 2244(d). It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

1

The history of this action has been set out, in an Order of Mobile County Circuit Court Judge John Lockett, dated March 12, 2013, as follows:

> On July 10, 1997, notice was filed with the Court of Petitioner's desire to plead guilty without an indictment, the District Attorney's Information was filed and the Court appointed Petitioner an attorney. On July 29, 1997, Petitioner was accepted into the Mobile County Drug Court Program, waived trial by jury, withdrew his plea of not guilty and pled guilty to Breaking and Entering an Automobile. Petitioner's sentence was deferred pending his participation in the program. On April 5, 1999, Petitioner was sentenced to serve 10 (ten) years in the penitentiary, after failing the program. Petitioner did not appeal.
> Petitioner filed his first [State Rule 32] petition for post conviction on January 2, 2007. The petition was denied and Petitioner appealed. The Alabama Court of Criminal Appeals affirmed the denial by memorandum and the certificate of judgment of affirmance was issued on November 12, 2008. Petitioner filed his second [State Rule 32] petition for post conviction relief on May 14, 2009. The petition was denied on August 25, 2009. Petitioner filed his third [State Rule 32] petition for postconviction relief on January 5, 2010. The petition was denied on August 17, 2010 and Petitioner did not appeal. Petitioner has now filed his fourth [State Rule 32] petition for postconviction relief. It was filed on December 14, 2012.

(Doc. 9, Exhibit A, pp. 42-43; *see generally*, *id.* at pp. 42-45).

Judge Lockett dismissed the fourth petition on March 12, 2013. The Alabama Court of Criminal Appeals rejected Jones' appeal in a written decision, denying it on the merits (Doc. 9, Exhibit D). An application for rehearing was overruled by the Alabama Court of Criminal Appeals (Doc. 9, Exhibit F). On November 15, 2013, the Alabama Supreme Court denied Jones's petition for writ of *certiorari* and entered a certificate of judgment (Doc. 9, Exhibit H).

Petitioner filed a complaint with this Court on March 24, 2014 raising the single claim that his sentence was illegal (Doc. 1). Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 9, pp. 7-8). Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) that amended, in pertinent part, 28 U.S.C. § 2244. The specific provision states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

3

28 U.S.C. § 2244(d)(1)(A).

The AEDPA became effective on April 24, 1996. *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). Jones's conviction became final on May 17, 1999, the last day on which he could file an appeal of his sentence.[1] Petitioner's habeas corpus petition was not filed in this Court until March 24, 2014, nearly fourteen years after the limitations period had expired. Petitioner had filed a Rule 32 petition in State court on January 2, 2007, more than six years after the limitations period had expired. The Eleventh Circuit Court of Appeals has held that "[a] state court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). Petitioner's multiple Rule 32 petitions were filed too late to toll the statute.

Clearly, Petitioner's habeas corpus petition was filed well beyond the one-year limitations period and filed in violation of 28 U.S.C. § 2244(d). The Court finds that Petitioner has provided no cause for ignoring the dictates of the Anti-

---

[1] "In a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (six weeks) after pronouncement of the sentence, provided that the notice of

Terrorism and Effective Death Penalty Act of 1996: this action is time-barred.[2]

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Cheryl Price and against Petitioner Donald Eugene Jones pursuant to 28 U.S.C. § 2244(d).

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a habeas petition is being denied on

---

appeal may be oral, as provided in Rule 3(a)(2)." Ala.R.App.P. 4(b)(1).
  [2]Though Jones couches his claim in jurisdictional terms, this is not a jurisdictional issue. The evidence shows, in spite of his argument otherwise, that Petitioner pled guilty to breaking and entering a vehicle—not that he attempted to do so.

5

procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As Jones has not timely pursued this action in this Court, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 8th day of August, 2014.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE